**Leon STAMBLER, Plaintiff,**

v.

**RSA SECURITY, INC., Verisign, Inc., First Data Corporation, Omnisky Corporation, Defendants.**

**No. CIV.A.01–065–SLR.**

United States District Court, D. Delaware.

Jan. 14, 2003.

Douglas E. Whitney, Esquire, Maryellen Noreika, Esquire, J.D. Pirnot, Esquire and Philip Bangle, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: David S. Shrager, Esquire of Shrager Spivey & Sachs, Philadelphia, Pennsylvania.

Fredrick L. Cottrell, III, Esquire of Richards Layton & Finger, P.A., Wilmington, Delaware. Of Counsel: William F. Lee, Esquire, David B. Bassett, Esquire, Donald R. Steinberg, Esquire and Mark D. Selwyn, Esquire of Hale and Dorr, L.L.P., Boston, Massachusetts. John D. Lanza, Esquire and Kia L. Freeman, Esquire of Testa, Hurwitz & Thibeault, L.L.P. of Boston, Massachusetts. Counsel for Defendant RSA Security, Inc.

Steven J. Balick, Esquire and John G. Day, Esquire of Ashby & Geddes, Wilmington, Delaware. Of Counsel: Thomas W. Winland, Esquire, Vincent P. Kovalick, Esquire and Matthew DelGiorno, Esquire of Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P., Washington, D.C. Counsel for Defendant VeriSign, Inc.

William J. Marsden, Jr., Esquire of Fish & Richardson P.C., Wilmington, Delaware. Of Counsel: Mathias W. Samuel, Esquire of Fish & Richardson P.C., Minneapolis, Minnesota. Lawrence Kolodney, Esquire of Fish & Richardson P.C., Boston, Massachusetts. Counsel for Defendant First Data Corporation.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

## I. INTRODUCTION

On February 2, 2001, plaintiff Leon Stambler ("Stambler") filed this action against defendants RSA Security, Inc. ("RSA Security"), Verisign, Inc. ("Verisign"), First Data Corporation ("First Data") and Omnisky Corporation ("Omnisky") alleging infringement of certain claims of United States Patent Nos. 5,793,-302 (the " '302 patent"), 5,936,541 (the " '541 patent") and 5,974,148 (the " '148 patent) (collectively, the "Stambler patents"). (D.I.1)

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Currently before the court is plaintiff's motion for summary judgment that the STU–III does not anticipate claim 27 of the '541 patent. (D.I.270) For the following reasons, the court shall grant plaintiff's motion.

## II. BACKGROUND

The Stambler patents, each entitled "Method for Securing Information Relevant to a Transaction," generally relate to a method of authenticating a transaction, document or party to the transaction using known encryption techniques. (D.I. 293, 294, 295) The patented methods enable parties to a transaction to assure the identity of an absent party and the accuracy of information involved in the transaction.

(*Id.*) The patented methods thus provide for secure transactions and prevent fraud. (*Id.*)

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving

party on that issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## IV. DISCUSSION

The STU–III is a telephone device developed by the National Security Agency ("NSA") in cooperation with Motorola, RCA and AT & T in the mid 1980's. The NSA registered users and distributed the STU–III terminals through the Key Management Center ("KMC"). The STU–III terminal included a black plastic fill device containing information from the KMC. After the STU–III terminal was installed, the user would insert the fill device and download the information. The user was then capable of establishing a secure link with other STU–III terminals.

Currently before the court is plaintiff's motion for summary judgment that the STU–III does not anticipate claim 27 of the '541 patent. The question for the court is whether the testimony of the defendants' expert is sufficiently corroborated to establish invalidity.[1]

■ Corroboration of a witness' oral testimony is required to invalidate a patent under 35 U.S.C. § 102. *See Finnigan Corp. v. International Trade Comm'n,* 180 F.3d 1354, 1367 (Fed.Cir.1999). This requirement exists regardless of whether or not the witness is an interested party or an uninterested party. *See id.* at 1367–68. Corroboration has been required by the

---

1. The briefs also address the issue of whether the STU–III telephone system embodies every element of claim 27 of the '541 patent. As the court finds that summary judgment is appropriate based on lack of corroboration, this issue is not reached.

courts "because of doubt that testimonial evidence alone in the special context of proving patent invalidity can meet the clear and convincing evidence standard to invalidate a patent." *Id.* at 1368.

■ Plaintiff argues that defendants rely solely on the uncorroborated testimony of their expert, Dr. Birch, to prove the invalidity of claim 27 of the '541 patent based on the STU–III telephone device. Defendants assert that the expert is corroborated by one other disinterested third-party witness, the STU–III terminal itself and documentary evidence.

## A. Third–Party Disinterested Witness

Responding to plaintiff's motion, defendants assert that Mr. Joe Kish, a former engineer for Motorola, can corroborate Dr. Birch's testimony. This court has previously held that Mr. Kish is precluded from testifying at trial because defendants failed to identify Mr. Kish as a potential witness prior to filing the response to the current motion. Thus, Mr. Kish cannot corroborate Dr. Birch's testimony.

## B. The STU–III Terminal

In a single sentence, defendants assert that "Dr. Birch's testimony is corroborated by the existence of his own STU–III terminal, which the defendants will bring to court for the court's inspection." (D.I. 312 at 9) Defendants, however, failed to state how this will corroborate Dr. Birch's testimony.

Claim 27 of the '541 patent is a method claim. The issue is whether the STU–III performs the claimed method and meets the claimed limitations. It will not be possible to determine the method employed by the algorithms, through which the STU–III establishes secure communication, by physical inspection. An STU–III cannot corroborate Dr. Birch's explanation of how the STU–III establishes secure communications.

## C. Documentary Evidence

Defendants claim Dr. Birch's testimony is corroborated by numerous documents submitted to the court.[2] Defendants list the various documents without providing any information of how (or even where) the documents corroborate Dr. Birch's testimony.

Corroboration is an essential element of defendants' invalidity claim. At trial, defendants have the burden of proving that the testimony of their expert can be corroborated. Defendants have failed to make a sufficient showing that the documentary evidence corroborates Dr. Birch's testimony. As a result, plaintiff is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. 2548.

## V. CONCLUSION

As the court finds none of the evidence offered by defendants corroborates Dr. Birch's testimony, his testimony is inadmissible for the purpose of establishing invalidity. Defendants have offered no proof that claim 27 is anticipated by the STU–III other than Dr. Birch's testimony. Thus, the court shall grant plaintiff's motion for summary judgment that the STU–III does not anticipate claim 27 of the '541 patent. An appropriate order shall issue.

## ORDER

At Wilmington, this 14th day of January, 2003, consistent with the opinion issued this same day;

---

2. The documents include: technical specifications, user manuals and quick reference guides, and brochures. (D.I. 312 at 8)

IT IS ORDERED that plaintiff's motion for summary judgment that the STU–III does not anticipate claim 27 of the '541 patent (D.I.270) is granted.